O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | May 27, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**   (In Chambers)–No Proceedings Held

The Court DENIES the motion to dismiss this case that Defendant DivX, Inc. ("DivX") filed, for the following reasons.[1]

1. <u>Dismissal Would Be Unjust and Would Confer a Potential Windfall Benefit on DivX.</u>

Dismissal would penalize UMG, when there is no showing that it has done anything wrong. It did not retain Irell & Manella to represent it in this case. Indeed, it hired another firm to handle just this case, thereby necessarily incurring an additional expense in order to avoid having its counsel accused of a conflict of interest.

2. <u>There Is No Showing That Any of DivX's Confidential Materials Disclosures Have Been Revealed or Likely Will Be Revealed</u>.

DivX exchanged client confidences with Irell & Manella, but there is no showing - - indeed, not even a claim - - that Irell & Manella has disclosed these confidences to any third party, in this litigation or otherwise. Moreover, although DivX has stated that it

---

[1] Dkt. No. 18. This Order is necessarily abbreviated. The parties are familiar with the facts and the procedural posture of this case and the other related actions that plaintiff UMG Recording, Inc. ("UMG") has filed in this district, which have been assigned to this Court. The Court regrets that because of the nature and pace of the other numerous matters to which it has been forced to turn, this ruling was delayed.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | May 27, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

received advice about the D.M.C.A. from Irell & Manella, it has not established that the advice involved or was about issues in this case. In any event, Irell & Manella has the continuing duty to assure that it will not disclose such privileged communications.

   3.   <u>Although the Positions UMG May Assert in Other Litigation, Through the Irell Firm, May Be Inconsistent With or Even Antagonistic to Those That DivX Asserts in this Case, That Does Not Warrant Dismissal</u>.

Although the Irell and Manella firm owes a duty of continuing loyalty to DivX, *See Santa Clara County Counsel Attys. Assn. v. Woodside*, 7 Cal. 4th 525, 547-548, fn.6 (1994), that does not preclude it from advocating propositions of law in other cases that are at odds with DivX's contentions in this case. Because "conflicts" is a loaded word that often carries negative connotations, the term "issues conflicts" can be misleading, if it is used where "issue differences" would be more precise. In our adversarial system, lawyers frequently argue for points of law on behalf of one client that are likely to affect adversely the interests of other clients in different cases and in different contexts. That there are such *differences* is the key, for the differences enable courts, clients and lawyers alike to understand that a lawyer's *advocacy* for one client may not be regarded as an other client's *admission* against the other client's interest. Moreover, the practical reasons why advocating antagonistic positions is not unethical are so abundant and clear that they need not be belabored. To mention just one: in certain practice areas, such as family law, if a lawyer could argue only for one gender, or only for the spouse who had the higher earnings, that would cripple his right to engage in his profession. It also would shrink the pool of available counsel, thereby depriving clients of their right to counsel of choice. For these and other reasons, California Rule of Professional   Conduct 3-310, on which DivX relies, explicitly states, in the commentary ("Discussion"):

> Rule 3-310 is not intended to prohibit a member from representing parties having antagonistic positions on the same legal question that has arisen in different cases, unless representation of either client would be adversely affected.

Nor does Rule 3.310(C)(3) preclude UMG from pursuing this case with Arnold & Porter as its counsel. As stated in *Fremont Indemnity Co. v. Fremont General Corp.*, 143 Cal. App. 4th 50, 65 (Cal.Ct.App. 2006), Rule 3-310(C)(3),

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | May 27, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

". . . expressly is limited to situations where an attorney represents a client in a matter while concurrently representing in another matter a second client whose interests in the first matter are adverse to those of the first client. Rule 3-310(C)(3) prohibits the concurrent representation of clients without informed written consent only if the attorney represents one of the clients in a matter in which the clients' interests are adverse; it does not prohibit the concurrent representation of clients whose interests are adverse only in a matter in which the attorney does not represent either client."[2]

Here, DivX contends that Arnold & Porter's representation of UMG will not be meaningfully independent from Irell's representation of UMG given that: (1) the *DivX* and *Veoh* complaints are virtually identical; (2) Irell & Manella represents UMG in *Veoh* and two other cases; (3) one of those cases, *Grouper*, is farther along than this case; and (4) in all these cases UMG is making expansive, precedent- seeking arguments about "so-called 'user-generated content' Internet websites that are building their business with the protected intellectual property of others." Through this contention, DivX attempts to depict Irell & Manella as effectively representing UMG *in this action.*

DivX need not worry about whether Irell & Manella's representation of UMG in these other cases will inevitably and necessarily taint Arnold & Porter's representation of UMG in this case. The reason is this: this order denying DivX's motion to dismiss is conditioned on all of the following conditions being accepted in writing by UMG, through declarations filed by the responsible partner-in-charge at both Irell & Manella and Arnold & Porter:

(1)   Irell & Manella will not assist Arnold & Porter in any aspect of this suit with

---

[2] The *Fremont* court went on to point out, in a footnote, "As amicus curiae Los Angeles County Bar Association points out, to regard an attorney's concurrent representation of clients whose interests are not adverse in any of the matters in which the attorney represents those clients as a conflict of interest due to the clients' adversity in a third matter in which the attorney does not represent either client would impose a tremendous burden on attorneys to discover all matters in which a client's interests might conflict with those of another client and could result in much more frequent disqualification of counsel." *Id.*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | May 27, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

respect to any legal, evidentiary, or other substantive issue, including: drafting briefs, motions, or other papers on behalf of plaintiffs; commenting on, editing, revising, or suggesting briefs, motions, or other papers; and providing legal or substantive advice to Arnold & Porter for any purpose;

(2)   Irell & Manella will not prepare witnesses (including expert witnesses) and will not attend depositions or hearings in the *DivX* suit; and

(3)   Arnold & Porter will not request that this case be consolidated with or coordinated with the other cases.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |