RONALD L. JOHNSTON (State Bar No. 57418)
Ronald.Johnston@aporter.com
SEAN MORRIS (State Bar No. 200368)
Sean.Morris@aporter.com
RYAN M. NISHIMOTO (State Bar No. 235208)
Ryan.Nishimoto@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

*Attorneys for Plaintiffs*
UMG Recordings, Inc. et al.

COLLEEN BAL (State Bar No. 167637)
cbal@wsgr.com
DAVID H. KRAMER (State Bar No. 168452)
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650)493-9300
Facsimile: (650) 565-5100

NATALIE J. MORGAN (State Bar No. 211143)
nmorgan@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, California 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
nmorgan@wsgr.com

*Attorneys for Defendant*
DivX, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 07-06835 AHM (AJWx) |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| DIVX, INC., a Delaware corporation; and DOES 1-10, inclusive, | Judge: Hon. Andrew J. Wistrich<br>Ctrm: 690 |
| Defendants. | |

STIPULATED PROTECTIVE ORDER

**STIPULATED PROTECTIVE ORDER**

Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music - MGB NA LLC, Universal Music - Z Tunes LLC, and Universal Music - MBG Music Publishing Ltd. (collectively, "UMG"), and Defendant DivX, Inc. ("DivX") (collectively with UMG, the "Parties," and each individually, a "Party") recognize that the Parties and third parties may be required, pursuant to discovery, to disclose confidential, proprietary, trade secret or private information in *UMG Recordings v. DivX, Inc.*, CV07-06835 AHM (AJWx) ("the Action"). To protect against the improper use or disclosure of such information, the Parties agree that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), in the above-captioned actions as evidenced by the signatures of their respective counsel, and accordingly stipulate as follows:

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED BY STIPULATION OF THE PARTIES THAT:**

1. This Protective Order shall govern all Discovery Materials produced or disclosed in the Litigation by any Party, or by any non-party, or their respective counsel, retained experts, directors, officers, employees, or agents (referred to herein collectively as "Representatives") (the "Producing Party") to any other Party or its Representatives (the "Receiving Party"). The term "Discovery Materials" shall mean and include Documents (as defined below); answers to interrogatories; responses to requests for admissions; depositions; expert reports; briefs, memoranda, or writings filed with or otherwise supplied to the Court; and such other materials and information as may be produced or disclosed during the course of discovery in the Litigation. The term "Documents" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape,

computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

2. The term "CONFIDENTIAL INFORMATION" shall mean and include non-public confidential information of or in the possession of the Producing Party as to which the Producing Party considers in good faith to contain Trade Secrets (as that term is defined in California Civil Code § 3426.1)[1] or confidential business, financial, or technical information that may be protected from public disclosure under the Federal Rules of Civil Procedure or California law, including without limitation non-public financial information regarding the party's goods, services and businesses and potential businesses, including cost information, and profit and loss information; non-public financial projections and forecasts; internal P&L statements and other non-public financial and economic information including financial analyses, budgets, sales projections and forecasts; non-public information regarding business development, marketing and sales plans; non-public surveys; non-public technical information including non-public engineering, manufacturing and commercial information and know-how; non-public competitive analyses; customer and member information; confidential agreements with third parties; confidential communications with third parties; information received from third parties under conditions of confidentiality, for example, pursuant to non-disclosure agreements or confidentiality

---

[1] "Trade Secrets" accordingly means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

1  provisions; source code, proprietary databases and other proprietary electronically
2  stored information.

3      3.    The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean
4  the subset of CONFIDENTIAL INFORMATION that contains information of an
5  extremely sensitive nature as to which the Producing Party has a good faith belief that
6  disclosure to a Receiving Party, even pursuant to the restrictions of this Protective
7  Order governing CONFIDENTIAL INFORMATION, could pose a significant risk of
8  competitive harm. The Parties agree that ATTORNEYS' EYES ONLY information
9  should be produced on more restrictive terms than other CONFIDENTIAL
10 INFORMATION to reduce the risk of competitive harm.

11     4.    Any Discovery Materials filed with the Court or produced or provided by
12 any Party or non-party in the course of discovery or other proceedings in this action
13 may be designated by such Party or non-party as CONFIDENTIAL INFORMATION
14 or ATTORNEYS' EYES ONLY INFORMATION so long as a good faith and
15 reasonable basis exists for such a designation.

16     5.    The term "Counsel" shall mean outside counsel of record in the Litigation
17 and up to four in-house counsel for each of UMG and DivX as identified below in
18 sub-paragraphs 5(a) and 5(b) ("House Counsel"), and the supporting personnel
19 employed by the outside counsel of record, such as paralegals, translators, secretaries,
20 clerks, shorthand reporters and document copiers.

21     (a)    UMG hereby designates the following four individuals as their
22 sole "House Counsel":
23         (1)    Harvey Gellar;
24         (2)    Scott Bauman;
25         (3)    Michael Ostroff; and
26         (4)    Zach Horowitz.
27     (b)    DivX hereby designates the following three individuals as its sole
28 "House Counsel":

1         (1)    Lee Milstein;

2         (2)    Johnny Chen; and

3         (3)    David Richter.

4     (c)    Unless otherwise ordered by the Court or agreed in writing by the parties, a Party that seeks to designate House Counsel in substitution of House Counsel identified in sub-paragraphs 5(a) and 5(b) in the Lawsuit ("Designating Party"), must first serve a written request on the other Party (1) that sets forth the full name, current employer(s) and job title(s) of the proposed House Counsel, and (2) if four House Counsel have already been designated by the Designating Party, that identifies which of the previously-designated House Counsel will be relieved of authority to review confidential Discovery Materials.

    (d)    A Designating Party that serves a request in accordance with the preceding subparagraph may disclose confidential Discovery Materials to the proposed new House Counsel unless, within seven court days of serving the request, the other party serves the Designating Party with a written objection to the proposed new House Counsel.  Any such objection must set forth with particularity the ground(s) on which it is based.  The Parties must then promptly meet and confer to try to resolve their disagreement.  If no agreement is reached, the Parties shall contact the Court to determine whether it is the Court's preference to resolve the dispute by (1) teleconference, (2) letter briefs, or (3) joint stipulation in accordance with the Local Rule governing discovery disputes.

    (e)    In any such proceeding the Designating Party shall bear the burden of proving that its need to designate House Counsel and disclose confidential Discovery Materials outweighs the risk of harm that the disclosure would entail.

6.    An "Independent Expert or Consultant" is any person or organization with whom counsel or a party may deem it necessary to consult concerning technical, financial or other aspects of this case for the preparation or trial thereof.  For the purposes of this Order, an Independent Expert or Consultant shall be restricted to a

- 4 -
STIPULATED PROTECTIVE ORDER

person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and is not a past or a current employee of a Party or a Party's affiliates, and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's affiliates.  No Independent Expert or Consultant may be shown any CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, until such person or organization reads this Protective Order and agrees to be bound by its terms by signing the Non-Disclosure Agreement attached hereto as Exhibit A.  The Party who has retained such an Independent Expert or Consultant shall keep the original Non-Disclosure Agreement signed by the Independent Expert or Consultant and, if requested, make it available for inspection or copying by the Producing Party at the conclusion of the litigation and all appeals, unless the Independent Expert or Consultant has already been designated as a testifying expert, in which case it may be requested by the Producing Party after such designation.

7. Except as provided for below in Paragraphs 8 and 9, any Discovery Materials containing or including any CONFIDENTIAL INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

**"CONFIDENTIAL."**

8. Except as provided for in Paragraph 9 below, any Discovery Materials containing or including any ATTORNEYS' EYES ONLY INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

**"CONFIDENTIAL - ATTORNEYS' EYES ONLY."**

9. All CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth in Paragraphs 7 and 8

1  above shall be designated by the Producing Party by informing the Receiving Party in
2  writing of the appropriate designation.
3      10.   If a Producing Party discloses Discovery Materials which, during the
4  pendency of this litigation, it later determines were not, but should have been,
5  designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY
6  INFORMATION, the Producing Party may so designate such Discovery Material by
7  serving a written notice upon the Receiving Party within ten (10) Court days of
8  learning of the incorrect designation, along with a copy of such Discovery Materials
9  marked with the appropriate designation.  The Receiving Party shall then take
10 reasonable steps to destroy or return to the Producing Party all unmarked copies of
11 such Discovery Materials within ten (10) Court days and certify in writing that it has
12 done so.  The Receiving Party is relieved of liability for any good faith reliance on
13 the previous designation.
14     11.   If a Receiving Party wishes to challenge a Producing Party's designation
15 of Discovery Materials as CONFIDENTIAL INFORMATION or ATTORNEYS'
16 EYES ONLY INFORMATION, the Receiving Party may, at any time, notify the
17 Producing Party in writing that it requests a redesignation or release of
18 confidentiality, stating the basis for its request.  Within ten (10) Court days of such a
19 written request, the Producing Party shall either (1) grant in writing the request; or
20 (2) communicate in writing its refusal to do so, stating the basis for its refusal.  If the
21 Producing Party fails to communicate in writing its agreement to release
22 confidentiality within ten (10) Court days, the Producing Party shall be deemed to
23 have refused and the parties shall meet and confer and attempt to resolve the matter
24 without Court intervention.  Similarly, if a refusal is made or deemed made, the
25 parties shall make a good faith effort to resolve the matter without Court intervention.
26 If a refusal is made and not resolved by the parties, the Receiving Party shall file,
27 within ten (10) Court days of the meet and confer, a motion (or, at the Court's
28 preference, shall initiate other form of dispute resolution) with the Court in support of

- 6 -
STIPULATED PROTECTIVE ORDER

1    its request for redesignation or release of confidentiality in which the Producing Party
2    shall bear the burden of showing the appropriateness of the confidentiality
3    designation.  If the Receiving Party fails to file a motion in the prescribed time, the
4    Receiving Party shall be deemed to have withdrawn its objection.  Discovery
5    Materials designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES
6    ONLY INFORMATION shall be given the CONFIDENTIAL INFORMATION or
7    ATTORNEYS' EYES ONLY INFORMATION treatment provided for in this
8    Protective Order until the parties resolve the matter, the refusal to release
9    confidentiality is withdrawn, or the Court orders re-designation of the Discovery
10   Materials.

11          12.    In the event the Producing Party elects to produce CONFIDENTIAL
12   INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, for
13   inspection by the Receiving Party before copying, no marking need be made by the
14   Producing Party in advance of the inspection, but the Producing Party shall inform
15   the Receiving Party of the intended designation of the Discovery Materials to be
16   inspected.  The Receiving Party shall treat all such CONFIDENTIAL MATERIAL,
17   including ATTORNEYS' EYES ONLY INFORMATION, inspected, during the
18   inspection and thereafter, pursuant to this Protective Order.  Should Documents be
19   copied by or for the Receiving Party, the Producing Party shall mark the copies of
20   such Documents as may contain protected subject matter with the appropriate
21   confidentiality marking at the time the copies are produced to the Receiving Party.

22          13.    Whenever a deposition taken on behalf of any party involves the reference
23   to or disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES
24   ONLY INFORMATION:

25                 (a)    said deposition or portions thereof (including exhibits) that
26   contains CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY
27   INFORMATION shall be so designated by a statement to such effect on the record in
28   the course of the deposition.  Alternatively, within thirty (30) Court days after

1  receiving the transcript containing CONFIDENTIAL INFORMATION or
2  ATTORNEYS' EYES ONLY INFORMATION, the party whose CONFIDENTIAL
3  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION has been
4  disclosed may designate pages of the transcript as confidential by listing the pages of
5  the transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS'
6  EYES ONLY INFORMATION and serving copies of the list to counsel for all parties
7  so that it may be affixed to the face of the transcript and each copy thereof.  Pending
8  such designation by counsel, the entire deposition transcript, including exhibits, shall
9  be deemed ATTORNEYS' EYES ONLY INFORMATION.  If no specific
10 designation is made within the prescribed time, the entire transcript will be deemed to
11 contain CONFIDENTIAL INFORMATION.  Notwithstanding any automatic or
12 specific designations under this paragraph, the other parties may object to
13 CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY
14 INFORMATION designations in accordance with paragraph 11; and
15            (b)     either party shall have the right to exclude from attendance at said
16 deposition, during such time as the CONFIDENTIAL INFORMATION, including
17 ATTORNEYS' EYES ONLY INFORMATION, is to be referenced or disclosed,
18 every individual excluding the deponent and his attorney, the court reporter,
19 videographer and those individuals authorized under this Protective Order to receive
20 ATTORNEYS' EYES ONLY INFORMATION.
21       14.   All Discovery Materials designated as CONFIDENTIAL
22 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be treated
23 as confidential by the Receiving Party and shall not be used by the Receiving Party
24 for any purpose other than in connection with this Action, and any appeals thereof,
25 and until such designation is removed by agreement of Counsel or by Order of the
26 Court.
27       15.   Except as provided herein, all Discovery Materials designated as
28 ATTORNEYS' EYES ONLY shall not be disclosed by the Receiving Party to anyone

other than: (i) Counsel, (ii) Independent Experts or Consultants; and (iii) the Court, pursuant to the terms of this Protective Order.

16. Except as provided herein, all Discovery Materials designated as CONFIDENTIAL INFORMATION but not as ATTORNEYS' EYES ONLY INFORMATION shall not be disclosed by the Receiving Party to anyone other than: (i) Counsel, (ii) Independent Experts or Consultants, (iii) any officer, director or employee of UMG or DivX, to the extent deemed necessary by counsel for purposes only in connection with this litigation; and (iv) the Court, pursuant to the terms of this Protective Order.

17. In addition to the authorized persons listed in Paragraphs 15 and 16 with respect to Documents designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, any person indicated on the face of the Document to be its originator or author or a recipient thereof may be shown the Document. Additionally, any Document designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION may be shown during a deposition to the deposition witness if the witness is employed, at the time of his or her deposition, by the party that produced the Document so designated during the deposition of that person. A Document designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Document or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Document or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION takes place (e.g., by showing the deposition witness a limited sample of the handwriting at issue).

18. Nothing contained in this Protective Order shall preclude the Producing Party from using or disseminating its own CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

19. CONFIDENTIAL INFORMATION and all items which reveal the contents thereof to be filed with the Court by any party or non-party shall be filed in sealed envelopes or other appropriately sealed containers on which shall appear a legend which provides as follows:

> FILED UNDER SEAL
> CONTAINS CONFIDENTIAL INFORMATION
> SUBJECT TO PROTECTIVE ORDER
> The enclosed materials are subject to a Protective Order of the United States District Court for the Central District of California.  This envelope may not be opened without Court Order by any person other than this Court, court personnel or counsel of record.

In order to enable the Court to determine whether there is evidence that the Court should attempt not to disclose, if a party or non-party files with the Court any documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential.  Absent such notification, the Court will be free to incorporate all such documents and any information contained, referred to, or relied upon therein in its written and oral rulings.

20. No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure.  The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the return or destruction of such documents or information is made in writing within ten (10) Court days after the Producing Party learns of its inadvertent production.  The Producing Party's written request shall specifically identify the

inadvertently produced documents or information and shall state the basis for the claim of privilege or protection. Within five (5) Court days of such request, the Receiving Party shall take reasonable efforts to return or destroy the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so, except that the Receiving Party shall be entitled to retain one (1) copy of the inadvertently produced document for the sole purpose of challenging the claim of privilege. If the Receiving Party seeks to challenge the claim of privilege, the parties shall meet and confer and attempt to resolve the matter without Court intervention. If the dispute is not resolved by the parties, the Receiving Party may file a motion challenging the privilege claim within eleven (11) days of receipt of notice from the Producing Party that the document was inadvertently produced. If the Receiving Party files a motion within the prescribed time, the Receiving Party shall lodge one copy of the inadvertently produced document, under seal, with the Court. Immediately after filing the motion, or if the Receiving Party fails to file a motion within the prescribed time, the Receiving Party must return or destroy the single copy of the inadvertently produced document that was retained for the sole purpose of challenging the claim of privilege, and the Receiving Party shall certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

21. If CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, or any portion thereof is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, and to bind such person to the terms of this Protective Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such

1  person and the circumstances of disclosure immediately to the Producing Party; and
2  (c) request such person to execute the Non-Disclosure Agreement attached hereto as
3  Exhibit A.  The foregoing shall not relieve a party of liability, if any, for disclosing
4  CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY
5  INFORMATION, in violation of this Protective Order.

6       22.   Nothing in this Protective Order shall be deemed to preclude any party or
7  third party from seeking and obtaining, on an appropriate showing, additional
8  protection regarding materials or information designated as CONFIDENTIAL
9  INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, or relief from
10 this Protective Order.  In any such request to the Court, the party seeking to obtain
11 additional protection or to obtain relief from this Protective Order, shall bear the
12 burden of showing why such additional protection or relief should be granted.

13      23.   Nothing in this Protective Order shall bar or otherwise restrict any
14 attorney herein from rendering advice to the attorney's party-client with respect to the
15 Action, and in the course thereof, relying upon an examination of CONFIDENTIAL
16 INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION,
17 provided, however, that in rendering such advice and in otherwise communicating
18 with the party-client, the attorney shall not disclose any CONFIDENTIAL
19 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, nor the source
20 of any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY
21 INFORMATION, to anyone not authorized to receive such Discovery Materials
22 pursuant to the terms of this Protective Order.

23      24.   Notwithstanding any other provision of this Protective Order, the
24 confidentiality obligations of this Protective Order shall not apply or shall cease to
25 apply (as the case may be) to any CONFIDENTIAL INFORMATION, including
26 ATTORNEYS' EYES ONLY INFORMATION, that:
27           (1)   at the time of disclosure hereunder, was already in the public
28               domain by publication or otherwise;

|   |   |   |
|---|---|---|
| (2) | | has become, through no act or failure on the part of the Receiving Party, part of the public domain by authorized publication or otherwise lawful means; |
| (3) | | at the time of disclosure, was already in the lawful possession of the Receiving Party; |
| (4) | | after disclosure hereunder, was acquired by the Receiving Party from a third party lawfully possessing such CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and having no confidentiality obligation to the Producing Party; |
| (5) | | the Producing Party agrees may be disclosed to a third party under no confidentiality obligation; or |
| (6) | | the Court, after notice to the parties and upon good cause, orders to be disclosed. |

25. In the event that the case proceeds to trial, the parties may move the Court, at any time within the deadlines set by the Court for the service and hearing of motions in limine, to maintain the protected status of any information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to this Protective Order, or to implement alternative or additional protections for such information at trial. If the moving party shows sufficient cause to maintain the protected status of the information or to implement alternative or additional protections at trial, the Court will enter an order to that effect. If no party makes a motion under this Paragraph or if the Court denies a party's motion under this Paragraph with respect to any information previously designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, such information will become public upon commencement of the trial and will be presumptively available to all members of the public.

26. If a Receiving Party in possession of Discovery Materials designated as CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, receives a subpoena or other request from a non-party to either action seeking production or other disclosure of such Discovery Materials, the Receiving Party shall immediately give written notice to the Producing Party, specifying the Discovery Materials sought and enclosing a copy of the request, subpoena or other form of compulsory process. The Receiving Party shall not produce or otherwise disclose any Discovery materials containing CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, without prior written authority from the Producing Party or order of this Court.

27. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

28. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of the Protective Order, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order. The foregoing shall not be construed as limiting a party's right to seek other remedies, including damages, if any, in the event of a violation of this Protective Order.

29. Either party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION. Non-parties from whom discovery is sought in connection with this action may designate their Discovery Materials as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, under the provisions of this Order. Any amendment to this Protective Order must be entered by the Court to be effective.

30. All Discovery Materials together with all copies thereof, which have been designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, and any documents containing such information, shall be destroyed or returned to the respective Producing Party, and as preferred by the Producing Party, within ninety (90) calendar days after the entry of final judgment and conclusion of any and all appeals, or the final settlement of this case, and certify in writing that it has done so. Notwithstanding the foregoing, outside Counsel may maintain archival copies of pleadings, motion papers, legal memoranda, correspondence and work product that contain any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. At all times while in existence, such archival copies shall be treated pursuant to the terms of this Protective Order.

31. All notices, objections and other communications required or permitted to be made pursuant to any provision of this Protective Order shall be in writing.

32. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written request. This Court shall retain jurisdiction over the subject matter of this Order and the parties herein for purposes of enforcing this Order.

| | | |
|---|---|---|
| Dated: January 29, 2009 | | ARNOLD & PORTER LLP<br>Ronald L. Johnston<br>Sean Morris<br>Ryan M. Nishimoto<br><br>By: /s/ Sean Morris<br>    Sean Morris<br><br>*Attorneys for Plaintiffs*<br>UMG RECORDINGS, INC.; UNIVERSAL MUSIC CORP.; SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; RONDOR MUSIC INTERNATIONAL, INC.; UNIVERSAL MUSIC – MGB PUBLISHING NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; and UNIVERSAL MUSIC – MBG MUSIC PUBLISHING LTD. |
| Dated: January 29, 2009 | | WILSON SONSINI GOODRICH & ROSATI<br>Colleen Bal<br>David H. Kramer<br>Natalie J. Morgan<br><br>By: /s/ Colleen Bal<br>    Colleen Bal<br><br>*Attorneys for Defendant*<br>DIVX, INC. |

**IT IS SO ORDERED.**

Dated: February 02, 2009

_____
Hon. Andrew J. Wistrich
United States Magistrate Judge
Central District of California


# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DIVX, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV 07-06835 AHM (AJWx) <br><br> **CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIALS** <br><br> Judge: Hon. A. Howard Matz <br> Ctrm: 14 |

I hereby certify that I have read the Stipulated Protective Order Governing Disclosure Of Confidential Materials in the above-entitled action. I agree to be bound by its terms. I also agree that any information I receive pursuant to the Stipulated Protective Order shall not be used other than as provided in the Stipulated Protective Order. I also hereby consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings relating to the enforcement of the Stipulated Protective Order.

Dated: _____     _____

[Signature]

Name:       _____

Affiliation: _____

Address:   _____

_____

Phone:    _____