1  RONALD L. JOHNSTON (State Bar No. 57418)
   Ronald.Johnston@aporter.com
2  SEAN MORRIS (State Bar No. 200368)
   Sean.Morris@aporter.com
3  RYAN M. NISHIMOTO (State Bar No. 235208)
   Ryan.Nishimoto@aporter.com
4  EMILIA PETERSEN (State Bar No. 253681)
   Emilia.Petersen@aporter.com
5  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
6  Los Angeles, California 90017-5844
   Telephone:  (213) 243-4000
7  Facsimile:   (213) 243-4199

8  Attorneys for Plaintiffs
   UMG RECORDINGS, INC., *et al.*
9

10                          UNITED STATES DISTRICT COURT

11                         CENTRAL DISTRICT OF CALIFORNIA

12

13  UMG RECORDINGS, INC., a Delaware ) Case No. CV 07-06835 AHM (AJWx)
    corporation; UNIVERSAL MUSIC )
14  CORP., a New York corporation; SONGS ) **PLAINTIFFS' *EX PARTE***
    OF UNIVERSAL, INC., a California ) **APPLICATION TO STRIKE**
15  corporation; UNIVERSAL-POLYGRAM ) **DIVX'S MOTIONS FOR**
    INTERNATIONAL PUBLISHING, INC., ) **SUMMARY JUDGMENT AND**
16  a Delaware corporation; RONDOR ) **MOTION FOR SANCTIONS DUE**
    MUSIC INTERNATIONAL, INC., a ) **TO FAILURE TO COMPLY**
17  California corporation; UNIVERSAL ) **WITH LOCAL RULES AND TO**
    MUSIC – MGB NA LLC, a California ) **PRODUCE WITNESSES FOR**
18  Limited Liability company; UNIVERSAL ) **DEPOSITION**
    MUSIC – Z TUNES LLC, a New York )
19  Limited Liability company; and ) Date:       TBD
    UNIVERSAL MUSIC – MBG MUSIC ) Time:        TBD
20  PUBLISHING LTD., a UK company, ) Courtroom:  14
                                   )
21            Plaintiffs,           ) Judge:      Hon. A. Howard Matz
                                   )
22       v.                        ) Case Filed:           10-22-07
                                   ) Discovery Cutoff:     08-17-09
23  DIVX, INC., a Delaware corporation; ) Pretrial Conference:  11-09-09
    DOES 1-10, inclusive,          ) Trial Date:           11-24-09
24                                 )
              Defendants.          )
25                                 )
                                   )
26                                 )

27

28

---

PLAINTIFFS' *EX PARTE* APPLICATION TO STRIKE DIVX'S MOTIONS FOR
SUMMARY JUDGMENT AND MOTION FOR SANCTIONS: CV 07-06835 AHM (AJWx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19 and Federal Rule of Civil Procedure 56(f), Plaintiffs UMG Recordings, Inc., *et al.* (collectively "UMG") hereby apply to the Court *ex parte*, for an order to strike the three Motions for Summary Judgment and one Motion for Sanctions that DivX, Inc. ("DivX") filed on August 31, 2009, on the grounds that the motions do not comply with the requirements of the Local Rules and that pending motions regarding depositions noticed by UMG need to be resolved. Specifically, UMG seeks relief for the following reasons:

1. DivX has filed four purported "separate" motions seeking the same or similar relief, on overlapping and related grounds, that in total contain 66 pages of memoranda of points and authorities. *See* Motions for Summary Judgment On "Count One" (11 pages); "Re DMCA Safe Harbor" (25 pages); "Of Noninfringement" (18 pages) and Motion For Sanctions for "Failure to Comply With Scheduling Order" (12 pages). This filing of multiple motions is an improper attempt to avoid the 25-page limit on briefs absent Court order. Local Rule 11-6.

2. In violation of Local Rule 7-3, DivX has included in its motions issues for which it did not properly meet and confer . DivX seeks summary judgment on the ground that UMG did not produce copies of the works in suit prior to August 17, 2009, as opposed to the date on which the Court ordered production. However, DivX did not raise this issue as part of any meet and confer. DivX also seeks summary judgment for a list of particular works based on the argument that the registration certificates for those works are not in the materials produced during discovery. However, DivX did not identify these works during its meet and confer; if it had, UMG could have directed it to where alleged "missing" registration certificates are in the production, thereby reducing the burden on this Court and streamlining the issues.

3. Finally, DivX and its counsel have unilaterally refused to produce two key witnesses for their depositions: Kevin Hell and Jordan Greenhall. These witnesses directed the infringing activities at issue in this case, had knowledge of infringement on Stage6 while it was in operation, and, indeed, ultimately made the decision to close down the site as a result of the infringements on the site. Mr. Greenhall was the initial project manager for Stage6 and CEO of DivX. When Mr. Greenhall stepped down as CEO, Mr. Hell took over and eventually shut down the Stage6 website. Together, these two witnesses have information central to the issues in this litigation and were involved directly in, among other things: the creation of the Stage6 website and setting up the operation of that site; determining how revenue would be generated for the site; and shutting down the Stage6 website following the allegations of infringement. All of these issues go directly to the issues raised by DivX's motions. These depositions are the subject of a motion for protective order (Mr. Hell) and a motion to quash subpoena (Mr. Greenhall), which DivX's counsel filed before the discovery cut-off and which are set to be heard by Magistrate Wistrich on September 11 (Mr. Hell) and by the Southern District of California on September 18 (Mr. Greenhall).

*Ex parte* relief is necessary to resolve these issues. Currently, plaintiffs' responses to DivX's motions are due on September 14, 2009. DivX's motions should be stricken. In the event the Court permits them to be re-filed at all, the Court should order that DivX should be required to re-file its motions in compliance with the Local Rules prior to any opposition by UMG. Moreover, if UMG is required to respond to the currently pending motions by September 14, UMG will need to supplement those oppositions once the two witnesses that are the subject of pending motions are produced for deposition. Accordingly, striking DivX's motions and requiring DivX to re-file after the depositions are taken will save the parties' and the Court's resources.

1 | The name, address, and telephone number of DivX's counsel are as follows:

Colleen Bal
David Kramer
Maura Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
cbal@wsgr.com
dkramer@wsgr.com
mrees@wsgr.com

Natalie J. Morgan
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
nmorgan@wsgr.com

Counsel for DivX received notice of this *ex parte* application on September 1, 2009. Nishimoto Decl., ¶2. Counsel for DivX further stated that it intends to oppose this application. *Id.* ¶2. This application is based on this application, the memorandum of points and authorities filed in support herewith (under seal), the accompanying declarations of Ryan Nishimoto and Sean Morris, and the other papers and submissions filed in this action before this Court.

Dated: September 2, 2009

ARNOLD & PORTER LLP
Ronald L. Johnston
Sean Morris
Ryan M. Nishimoto
Emilia Petersen

By: /s/ Ryan M. Nishimoto
Ryan M. Nishimoto
Attorneys for Plaintiffs
UMG Recordings, Inc. *et al.*