UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | September 4, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**    (In Chambers)–No Proceedings Held

     DivX has filed four motions, all calendared for a hearing on September 28, 2009: (1) a motion for summary judgment on the applicability of the DMCA § 512(c) safe harbor; (2) a motion for summary judgment that DivX is not liable for direct infringement because it engaged in no volitional acts of infringement; (3) a motion for summary judgment that UMG has not produced sufficient evidence to sustain its claims (including copies of the works in suit, and proof of copyright ownership for at least 400 copyrights); (4) a motion for sanctions for UMG's failure to produce ownership information by the court-imposed deadlines.

     UMG has filed an Ex Parte Application seeking to strike all four motions because (a) the separate motions are an improper attempt to avoid the 25-page briefing limit; (b) the motions (particularly motions 3 and 4) address issues DivX did not raise in the meet-and-confer; and (c) DivX refuses to produce two key witnesses for depositions.

     The Court DENIES UMG's Ex Parte Application to Strike.[1]  The Court may not need to turn to several of the pending motions because the important and potentially dispositive one is DivX's motion on the DMCA safe harbor.[2]  The Court will first

---

[1] Docket Nos. 299, 313.

[2] The Court does not intend to waste its time determining whether DivX allegedly infringed 2,600 copyrighted works versus 2,000 works.  Thus, to save the forests, UMG need not file opposition papers to the third and fourth motions discussed above.  There is a better way to address the issues raised in those motions, which the Court will explain in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | September 4, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

adjudicate the DMCA motion, and takes the three others[3] OFF CALENDAR.  UMG need file no opposition to them until further order.

      As to the DMCA motion, the only relevant issue raised by UMG's Ex Parte Application concerns the depositions of Messrs. Hell and Greenhall.  DivX's motion for a protective order regarding the deposition of Mr. Hell will be heard on September 11, 2009.  DivX's motion to quash the subpoena of Mr. Greenhall will be heard on September 18, 2009.  Thus, this issue would become moot if DivX's motion for a protective order and motion to quash the subpoena were both granted.  If either or both of DivX's motions is denied, UMG shall notify the Court, and if the depositions are conducted notwithstanding the discovery cut-off deadline the Court may choose to avoid ruling on the DMCA motion until the deposition[s] have been completed.  The issue may still be moot if the depositions do not reveal any facts relevant to the DMCA motion.  However, if one or both parties wish to supplement the previously-filed briefs, they may move for leave to do so.  Meanwhile, UMG must file its opposition to the DMCA motion on or before the regular deadline, September 14, 2009.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

due course.

      UMG also need not file opposition papers in response to the second motion, regarding direct infringement.  Depending on the outcome of the DMCA safe harbor motion, the second motion may become moot.  If necessary, the Court will set a briefing schedule on the second motion.

[3] Docket Nos. 279, 282, 283.